FILED
2006 Mar-31 AM 10:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **CAROLYN LOWERY,** )<br>)<br>Plaintiff, )<br>)<br>**vs.** )<br>)<br>**UNUM PROVIDENT,** )<br>)<br>Defendant. ) | Civil Action Number<br>**6:06-cv-00505-UWC** |

## MEMORANDUM OPINION ON THE
## COURT'S JURISDICTION

Carolyn Lowery commenced this action against UNUM Provident ("UNUM") by filing a Complaint and summons with the Circuit Court of Fayette County, Alabama on September 16, 2003. (Doc. 1, Ex. 1.) The Complaint alleged breach of contract and bad faith in connection with a disability insurance policy.

On March 14, 2006, more than two (2) years after the commencement of this action, UNUM filed a Notice of Removal, (Doc. 1), alleging federal jurisdiction on the basis of diversity of citizenship under 28 U.S.C. Section 1332.

Based upon a review of the record before this Court, this action is due to be remanded.

"[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. §1446(b). UNUM avers that the one-year procedural bar is inapplicable to this case. However, the primary case upon which UNUM relies in support of its contention is

inapposite. *See Wilson v. General Motors*, 888 F.2d 779, 781 (11th Cir. 1989)  For nearly two decades, the one-year procedural bar has been in effect. *Id*.  (holding "that the one-year procedural bar does not require federal courts to remand [cases which have been removed and brought to final judgment before November 19, 1988, but which are still pending in federal appellate courts] to the state courts.")(citation omitted).  Because the present case was not filed before November 19, 1988, *Wilson* is inapplicable.

Further, trial is imminent in the Circuit Court of Fayette County, Alabama and mediation is currently set for April 2006.  (Doc. 4, Ex. A.); *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997)("If proceedings in state court have made significant progress toward trial or if substantial delay would result in removal of the action to federal court, removal should not be available to the defendant, regardless of the plaintiff's actions.")  Accordingly, this action is due to be remanded.  By separate order, this action will be remanded to the Circuit Court of Fayette County, Alabama.

Done this 31st day of March, 2006.

_____
U.W. Clemon
Chief United States District Judge